# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MORALES, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 09-162 |
| ) | Judge Joy Flowers Conti/ |
| MR. JEFFREY A. BEARD, Secretary of ) | Magistrate Judge Amy Reynolds Hay |
| Pa. Department of Corrections; MR. ) | |
| LOUIS S. FOLINO, Superintendent of ) | |
| S.C.I. Greene; MR. STEVEN TURETS, ) | |
| Counselor; MS. JEAN W. SCOTT, ) | |
| Business Manager, ) | |
| ) | |
| Defendants ) | |

## REPORT AND RECOMMENDATION

I.    Recommendation

It is recommended that all of the federal law claims be dismissed preservice pursuant to the PLRA for failure to state a claim upon which relief can be granted and/or for frivolousness and it is further recommended that the District Court decline to exercise supplemental jurisdiction over the state law claims of negligence.

II.    Report

Jose Morales, a Pennsylvania state Department of Corrections ("DOC") prisoner, is serving a life sentence. He has been granted leave to proceed in forma pauperis in order to file this civil rights action, alleging as his sole federal claim, a procedural due process violation under the Fourteenth Amendment and also invoking this court's supplemental jurisdiction over state law claims of professional negligence. All of the defendants named in the complaint are DOC employees. Because the amount of property allegedly stolen from Plaintiff is $30.00, and the

filing fee is $350.00, and no rational person would bring such a lawsuit, the complaint should be dismissed as frivolous. In the alternative, because there are adequate post-deprivation remedies available to Plaintiff, he fails to state a procedural due process claim as a matter of law. Because we recommend that all federal law claims over which the court has original jurisdiction be dismissed, it is further recommended that the District Court decline to exercise supplemental jurisdiction.

   A.  Applicable Legal Principles

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a "prisoner" challenging "prison conditions",[1] the screening provision of 42 U.S.C. § 1997e(c)(1) applies. In addition, because Plaintiff was, at the time of the filing of this civil action,[2] a prisoner and because he named governmental entities and employees of such entities, the screening provisions of the PLRA found at 28 U.S.C. § 1915A apply herein.[3] Furthermore, because

---

1  Porter v. Nussle, 534 U.S. 516, 532 (2002)("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 206 F.3d 289, 295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) (explaining the statutory phrase "prison conditions" to include claims concerning "actions . . . [that] make their [i.e. prisoners] lives worse.").

2
  See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

3  The PLRA, in relevant part added Section 1915A, entitled "Screening," to Title 28 U.S.C. to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after

Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915,[4] who has been granted in forma pauperis status, Dkt. [6], the screening provisions of 28 U.S.C. §1915(e)(2), apply herein as well.

In reviewing complaints as mandated by the three PLRA screening provisions, and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss,[5] the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal

---

docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plain language of the statute, referring to a "civil action" includes any suit brought in federal court even those which include supplemental state law claims. See, e.g., Horton v. Thompson, No. 02-C-0470-C, 2002 WL 32345677, at *9 (W.D. Wis. September 23, 2002)("If he fails to do so, [i.e., essentially amend his complaint to make clear what state law claims the prisoner is bringing] I will decline to exercise supplemental jurisdiction over any state law claims; if he responds as instructed, I will screen plaintiff's state law claims pursuant to 28 U.S.C. § 1915A."). This is as soon as practicable for the court to engage in its screening.

4 The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

5 Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

conclusions masquerading as factual allegations.")(some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Dismissal is proper under Rule 12(b)(6) where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

B. Discussion

Plaintiff's factual averments are essentially as follows. On September 14, 2006, Steven Turets, a counselor at SCI-Greene, where Plaintiff is imprisoned, allegedly forged Plaintiff's name on a form that apparently permitted DOC to withdraw 30 dollars from Plaintiff's inmate account in order to pay the Victim's Compensation Fund, something that Plaintiff claims he does not owe. Plaintiff filed a grievance. Plaintiff then complains that Ms. Jean Scott, allegedly a Certified Public Accountant, employed as a Business Manager by SCI-Greene, responded on February 26, 2007, to the grievance and approved the withdrawal of 30 dollars (apparently, after the fact) from Plaintiff's account, stating that "you signed this form as did Mr[.] Turets" and that "the deduction will stand and there will be no refunds to your account." Dkt. [7] at 4, ¶ 9.

Plaintiff next complains that he filed an appeal to the Superintendent, Defendant Folino and that Defendant Folino affirmed Ms. Scott's disposition of Plaintiff's grievance. Plaintiff also asserts that he did file to the third and final stage of the grievance process but that his final appeal simply affirmed the earlier denials of his grievance.

Plaintiff alleges professional negligence against Ms. Scott, Dkt. [7] at 6, against Mr. Turets. id., at 7, and against Defendant Folino. Id., at 8. The only federal constitutional claim Plaintiff appears to raise is a procedural due process claim against all of the Defendants, asserting that "Defendants have a duty under the 14th Amendment to the United States Constitution and under Artical [sic] 1 § 1 of the Pennsylvania Constitution to afford Plaintiff a full hearing before the deprivation of his personal property in his prison account." Dkt. [7] at 9, ¶ 20. Plaintiff also alleges that Defendant Beard had a constitutional duty to promulgate regulations requiring that Plaintiff be given a due process hearing prior to the withdrawal of monies from Plaintiff's account.

### 1. Fourteenth Amendment Procedural Due Process Claim

Plaintiff however, cannot state a claim of deprivation of property without due process because such claims are barred by Hudson v. Palmer, 468 U.S. 517 (1984).

Under Hudson v. Palmer, the Supreme Court held that an intentional random deprivation of property by a state actor does not violate the plaintiff's procedural due process rights so long as there is a meaningful post-deprivation remedy. Hudson v. Palmer, 468 U.S. at 533. See also Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992)("When a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, ... the [Supreme] Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of

postdeprivation remedies provided by the state.")(*citing, inter alia*, Hudson). Here, the alleged deprivation was occasioned or caused by, according to Plaintiff, the random and unauthorized alleged forgery committed by his counselor Mr. Turets. Hence, there is no doubt that the deprivation, which from the record before the court seems almost automatic after the signing of the form, was accomplished shortly after the alleged forgery and that the deprivation was indeed random and, unauthorized by either Plaintiff or by policy. Indeed, Plaintiff complains that there is no policy in place for affording a hearing prior to the deduction of monies from his account but after the form is signed.

What the Court of Appeals for the Third Circuit said in Brown v. Muhlenberg Township, 269 F.3d 205, 213 (3d Cir. 2001) is equally applicable here. The Court declared that "[w]hen the complained of conduct is 'random and unauthorized' (so that state authorities cannot predict when such unsanctioned deprivations will occur, [such as the alleged forgery of Plaintiff's signature]), however, the 'very nature of the deprivation ma[kes] predeprivation process impossible.' In such situations, postdeprivation process is all that is due." Id. (citations omitted). Nor does it matter that Defendant Turets's alleged behavior might be foreseeable because "[w]hether an individual employee himself is able to foresee a deprivation is simply of no consequence. The controlling inquiry is solely whether the state is in a position to provide for predeprivation process." Hudson v. Palmer, 468 U.S. at 534. Here, the nature of the alleged behavior which occasioned the deprivation render a pre-deprivation hearing an impossibility due to the randomness of the Defendant Turets's alleged actions. See, e.g., Mills v. Curry, 127 F.Appx. 342, 343 (9th Cir. 2005)(where prisoner alleged that "the prison allowed other prisoners to withdraw money from his prison account by fraud and/or forgery[,]" and the prisoner sued the

state prison officials, the Court dismissed the procedural due process claim under Hudson); Jones v. Thomas, No. 08-80638-CIV, 2008 WL 3540614, at *2 (S.D.Fla. Aug. 12, 2008) (where prisoner sued state officials for procedural due process violation involving a fellow inmate forging the prisoner's request for funds be withdrawn from his prisoner account, the Court held such claims barred under Hudson). Given this randomness, the only constitutionally required process due was a post deprivation process and not only was Plaintiff provided one, in the form of the Inmate Grievance system, he even utilized that process.

Indeed, the federal Courts of Pennsylvania have recognized that **both** the Department of Corrections' internal grievance procedure **and** the availability of a state tort suit in state court provide adequate post deprivation remedies so as to satisfy due process requirements under Hudson v. Palmer. See, e.g., Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies); Rogers v. Mrs. Brown, No. Civ. A. 95-7867, 1996 WL 608473, at *2 (E.D. Pa. Oct. 24, 1996) (tort suit in state court provides adequate post deprivation remedy for deprivation of legal papers); Payton v. Horn, 49 F. Supp.2d 791, 795 (E.D. Pa. 1999)(same), overruled on other grounds, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

Plaintiff herein had available to him the post deprivation remedies of both the DOC grievance procedures and a state tort action for conversion of property. See 42 Pa.C.S.A. § 5524(7)(imposing a two-year limitation period for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct ..."). In fact, Plaintiff even asserts that he used the DOC internal grievance procedure to challenge this alleged deprivation of his property. Hence, Plaintiff, cannot as a

7

matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process. Payton v. Horn, 49 F. Supp.2d at 795 ("Pennsylvania tort law offers a remedy for prison official's unlawful deprivation of an inmate's property. Therefore, Payton has failed to state a viable claim that his constitutional rights have been violated and cannot maintain a section 1983 action on this claim.")(citations omitted); Reid v. Seville, No. CIV. A. 96-2577, 1996 WL 421901, at * 3(E.D. Pa. July 19, 1996)(same).

Even if Plaintiff is alleging that the Defendants other than Defendant Turets (who must have acted intentionally, given Plaintiff's allegation that he forged Plaintiff's signature) acted negligently in permitting or upholding the deductions from his account, the holding in Daniels v. Williams, 474 U.S. 327 (1986) bars his claim. Daniels held that "the Due Process clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." Daniels v. Williams, 474 U.S. at 328. Hence, to the extent that Plaintiff's putative claim rests on the negligent actions of Defendants, such a claim fails to state a claim upon which relief can be granted. Accordingly, whether the Defendants acted intentionally or negligently, the fact that Plaintiff has post deprivation remedies available to him to redress the allegedly unauthorized deductions from his account, means that he cannot state a procedural due process claim, as a matter of law.

As Plaintiff was not deprived by the defendants of property without due process, given that Pennsylvania provides him an adequate post deprivation remedy, Plaintiff would have no procedural due process claim.

### 2. The Suit Is Frivolous

In addition to failing to state a claim upon which relief can be granted, it appears that this suit is frivolous. Plaintiff has filed a civil rights action, in which the value of the property allegedly taken from him without procedural due process was a mere $30.00. Because a mere $30.00 does not exceed the cost of the filing fee, i.e., $350.00 plus the costs of service, it would appear that the suit is frivolous. See, e.g., Deutsch v. U.S., 67 F.3d 1080, 1089-90 (3d Cir. 1995) (to find that a prisoner's claim is frivolous, "a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit. Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees. If the court so determines, then the claim is a candidate for dismissal as frivolous")(footnote omitted); Miller v. Horn, No. CIV. A. 96-5109, 1996 WL 420827, at *1 (E.D.Pa. 1996) ("It appears that the value of the property of which plaintiff claims he was deprived may well not exceed $120" [i.e. the filing fee at the time]). In addition, taking into account the nature of confinement in a penal institution and the nature of Plaintiff's complaint, the court finds that Plaintiff does not have a meaningful nonmonetary interest at stake such as to render this suit other than frivolous. See Deutsch v. U.S., 67 F.3d at 1090 ("The court must next determine whether the litigant has a meaningful nonmonetary interest at stake under the claim, such that service of the complaint and an allocation of the court's resources for its adjudication is warranted, despite the fact that the claim is economically trivial.").

The Court finds that Plaintiff does not have a meaningful nonmonetary interest at stake. Thus, it would appear that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and/or as frivolous because the

9

apparent value of the property taken is much less than the cost of the filing fee of $350.00 and there does not appear to be a meaningful nonmonetary interest at stake.

### 3. Supplemental Jurisdiction over the State Law Claims Should be Declined

Given the recommendation to dismiss the federal law claims of procedural due process, the court recommends that the District Court decline to exercise supplemental jurisdiction over the state law claims raised by Plaintiff because there does not affirmatively appear on the record any reason for the court to exercise supplemental jurisdiction over the state law claims. See, e.g., Boneburger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997)("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'")(quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995));  28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all claims over which it has original jurisdiction . . . .").

Accordingly, the federal law claims of procedural due process should be dismissed for failure to state a claim upon which relief could be granted or as frivolous. In light of the recommended disposition of the federal law claims, the Court should decline to exercise supplemental jurisdiction over the state law claims.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated:  28 May, 2009

cc: The Honorable Joy Flowers Conti
United States District Judge

Jose Morales
DB-5001
SCI Greene
175 Progress Drive
Waynesburg, PA 15370