IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MORALES, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MR. JEFFREY A. BEARD, Secretary of )<br>Pa. Department of Corrections; MR. )<br>LOUIS S. FOLINO, Superintendent of )<br>S.C.I. Greene; MR. STEVEN TURETS, )<br>Counselor; MS. JEAN W. SCOTT, )<br>Business Manager, )<br>)<br>Defendants ) | Civil Action No. 09-162<br>Judge Joy Flowers Conti/<br>Chief Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was received by the Clerk of Court on February 9, 2009, and was referred to United States Chief Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Chief Magistrate Judge's Report and Recommendation (the "Report"), Dkt. [9], filed on May 29, 2009, recommended that, pursuant to the Prison Litigation Reform Act, the case be dismissed prior to being served, for failure to state a claim upon which relief could be granted and/or as frivolous.  Service was made on Jose Morales (the "Plaintiff") at SCI Greene, 175 Progress Drive, Waynesburg, PA 15370, which was the address listed on the docket.  Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of

the Local Rules for Magistrate Judges, he had ten (10) days to file any objections. After being granted an extension of time, Plaintiff filed objections. Dkt. [16].

For the most part, the Report adequately addresses the issue raised in Plaintiff's objections. The Court will briefly discuss the issues raised.

Plaintiff argues insistently that he has a property interest in the funds in his prisoner trust account. Dkt. [16] at 1 to 2. While true, the existence of a property interest is not relevant to the issues raised. The Report did not deny that Plaintiff has a property interest in those funds. Plaintiff failed to address the appropriate issue. The Report held that notwithstanding Plaintiff's conceded property interest in the funds, the deprivation of those funds as alleged in the complaint was not accomplished in violation of his Fourteenth Amendment procedural due process rights because there is an adequate post deprivation remedy.

Plaintiff's reliance on Burns v. Pa. Department of Corrections, 544 F.3d 279 (3d Cir. 2008), is misplaced. That decision addressed a question of first impression, i.e., whether, in addition to the already recognized property interest in the funds themselves, there is a property interest in having the funds unencumbered by, in effect, placing a lien on the funds. The court of appeals held that prisoners did possess such a property interest. Burns, 544 F.3d at 291 n.8 ("For purposes of this appeal, the only question we need address is whether the government has deprived Burns of a property interest; we answer that question in the affirmative. The amount of process an inmate is 'due' is a distinct inquiry ... ."). Burns' rationale addressed, as the Report correctly recognizes, the property interest Plaintiff held in his funds. Burns did not address whether the post deprivation process provided via the DOC administrative grievance procedures or the state law tort suit for

conversion were adequate post deprivation remedies.  The Report correctly held these post deprivation remedies were adequate.  See, e.g., Hudson v. Palmer, 468 U.S. 517, 534 (1984); Brown v. Muhlenberg Township, 269 F.3d 205, 213 (3d Cir. 2001).

Plaintiff argues that the DOC grievance system is an inadequate post deprivation remedy because DOC officials, who responded to his grievance, allegedly failed to compare Plaintiff's purported signature on the form authorizing the deduction from his account, with Plaintiff's "true" signature, as Plaintiff has requested that they do.  Dkt. [16] at 2.  There are at least two problems with this argument.  First, "[t]he fact that [t]he prisoner was not successful in his grievance pursuit does not undermine the procedure's adequacy as a post-deprivation remedy." Woods v. Abrams, No.Civ.A. 06-757, 2007 WL 2852525, at *19 (W.D.Pa. Sept. 27, 2007);   accord Austin v. Lehman, 893 F.Supp. 448, 454 n.4 (E.D.Pa.1995)("Of course, that Plaintiff did not prevail in this procedure in no way affects the procedure's adequacy as a post-deprivation remedy.").   Second, even if it were otherwise, Plaintiff had available to him, as the Report noted, the post deprivation remedy of a state law tort action for conversion of property.  He failed to make any argument about that remedy in his objections.  Plaintiff had at least one adequate post deprivation remedy in the form of a state law tort suit.  Under the circumstances present in this case, Plaintiff's complaint fails to state a claim for procedural due process upon which relief can be granted and given the allegations pleaded, any attempt to amend the complaint would be futile.  See Jefferson v. Ambroz, 90 F. 3d 1291, 1296 (7th Cir. 1996) (If a plaintiff "chooses to plead particulars and they show that he has no claim, then he is out of luck – he has pleaded himself out of court.").

After review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 31st day of July, 2009,

**IT IS HEREBY ORDERED** that the complaint is dismissed pre-service for failure to state a claim and that the Court declines to exercise supplemental jurisdiction over any State law claims.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [9] filed on May 29, 2009, by Chief Magistrate Judge Hay, is adopted as the opinion of the court.[1]  The clerk shall mark this case closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:	The Honorable Amy Reynolds Hay
	Chief United States Magistrate Judge


	Jose Morales
	DB-5001
	SCI Greene
	175 Progress Drive
	Waynesburg, PA 15370

---

[1] The court notes that on the same date that the Report was filed, Plaintiff filed an "amendment" to his complaint. Dkt. [12]. In that amendment, he sought merely to clarify the statutory basis for his invocation of supplemental jurisdiction over his state law claims and to add as a party defendant Kristen Reisinger. These amendments in no way affect the validity of the Report's recommendation or this court's determination that Plaintiff fails to state a federal claim upon which relief can be granted.