IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MORALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action   09-162 |
| | ) |
| DR. JEFFREY A. BEARD, D.O.C. | ) |
| Secretary; DOCTOR B. JIN, Surgeon; | ) |
| DOCTOR STANLEY FALOR, Medical | ) |
| Doctor; DIANE MANSON, Medical | ) |
| Administrator; SUPERINTENDENT | ) |
| LOUIS S. FOLINO, | ) |
| | ) |
| Defendants | ) |

**ORDER**

Pending before the court is a "Motion for Reconsideration" (Docket No. 18) filed by plaintiff Jose Morales ("Plaintiff") requesting, among other things, that this court reconsider its memorandum order dated July 31, 2009 (Docket No. 17). In his motion for reconsideration, Plaintiff essentially attempts to relitigate issues he previously raised in the above-captioned action which were decided in the July 31, 2009 memorandum order. The motion for reconsideration will be denied.

**Standard of Review**

A motion for reconsideration is granted only if one of three situations is shown: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993) (citing Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

<u>Williams v. Pittsburgh</u>, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

## Discussion

Plaintiff fails to show the availability of new evidence not previously available or an intervening change in controlling law to support his motion for reconsideration. Plaintiff's motion for reconsideration, therefore, is best understood as premised on a need to correct a clear error of law or to prevent manifest injustice. Plaintiff, however, cannot meet this burden.

Plaintiff reargues in the motion for reconsideration that he was denied procedural due process when monies were deducted from his account without a notice or hearing. Once again, this court calls to Plaintiff's attention the discussion of that issue in the memorandum order:

> Plaintiff argues insistently that he has a property interest in the funds in his prisoner trust account. Dkt. [16] at 1 to 2. While true, the existence of a property interest is not relevant to the issues raised. The Report did not deny that Plaintiff has a property interest in those funds. Plaintiff failed to address the appropriate issue. The Report held that notwithstanding Plaintiff's conceded property interest in the funds, the deprivation of those funds as alleged in the complaint was not accomplished in violation of his Fourteenth Amendment procedural due process rights because there is an adequate post deprivation remedy.

As this court found in the July 31, 2009 memorandum order and in the Report and Recommendation (Docket No. 9), which was adopted as the opinion of this court, Plaintiff cannot sustain a Fourteenth Amendment procedural due process claim with respect to the alleged deprivation of the funds in his trust account because he had an adequate post deprivation remedy.

## **Conclusion**

For the reasons set forth above, and in the July 31, 2009 memorandum order and the Report and Recommendation, this motion for reconsideration shall be and hereby is **DENIED.**

By the court,

**/s/ Joy Flowers Conti**
Joy Flowers Conti
United States District Judge

Dated: October 9, 2009

cc: The Honorable Aby Reynolds Hay
Chief United States Magistrate Judge

Jose Morales
DB-5001
SCI Greene
175 Progress Drive
Waynesburg, PA 15370